J-S10011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY DILLARD, | |
| Appellant | No. 202 EDA 2014 |

Appeal from the Judgment of Sentence October 18, 2010
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0003340-2010

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 31, 2015**

Appellant, Troy Dillard, appeals *nunc pro tunc* from the judgment of sentence imposed following his entry of a guilty plea to two counts of robbery and one count each of robbery of a motor vehicle, theft by unlawful taking of movable property, receiving stolen property, false imprisonment, simple assault, burglary, and conspiracy.[1]  He also entered a plea of *nolo contendere* to two counts of attempted kidnapping.[2]  On appeal, Appellant challenges the effectiveness of plea counsel.  We affirm the judgment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iv), 3702(a), 3921(a), 3925(a), 2903(a), 2701(a)(1), 3502(a), and 903(a)(1), respectively.

[2] 18 Pa.C.S.A. § 901(a).

sentence and dismiss his ineffective assistance of counsel claims without prejudice.

The relevant facts and procedural history of this case are as follows. On October 18, 2010, Appellant entered a guilty plea and *nolo contendere* plea to the above-listed offenses. The charges stem from his March 2010 theft of a vehicle from the victim, Claire Forte, during which he and two other men attacked her and attempted to shove her into the trunk of her vehicle. On the same date Appellant entered his pleas, October 18, 2010, the court sentenced him to an aggregate term of not less than sixteen nor more than thirty-two years' imprisonment. Appellant did not file post-sentence motions or a direct appeal.

On September 6, 2011, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed an amended petition on September 12, 2012, claiming, *inter alia*, that plea counsel was ineffective for failing to file post-sentence motions and/or a direct appeal. The PCRA court held an evidentiary hearing on the petition on February 15, 2013. On July 17, 2013, the court granted the petition in part and ordered reinstatement of Appellant's post-sentence and direct appeal rights *nunc pro tunc*. On July

29, 2013,[3] Appellant filed a motion for reconsideration of sentence, and on August 2, 2013, he filed a supplemental post-sentence motion. On December 18, 2013, the court denied the motions following a hearing. This timely appeal followed.[4]

Appellant raises the following issues for our review:

1.      Whether the lower court erred in holding that plea counsel was not ineffective when he advised Appellant to enter a guilty plea without completing a thorough review of the discovery material, including the forensic evidence therein, he had not conducted a pre-trial investigation, and he failed to fully inform Appellant of the evidence contained within discovery?

2.      Whether the lower court erred in holding that Appellant was not permitted to withdraw his guilty plea, which was unknowingly and involuntarily entered, and was induced by plea counsel's misrepresentation about his review of discovery materials and his failure to convey information about evidence he either had in his possession or could have obtained with reasonable diligence[?][5]

_____

[3] The last day of the 10-day period in which to file post-sentence motions, July 27, 2013, fell on a Saturday. Therefore, Appellant had until that Monday to file timely post-sentence motions. *See* 1 Pa.C.S.A. § 1908.

[4] Pursuant to the PCRA court's order, Appellant timely filed a concise statement of errors complained of on appeal on February 19, 2014. *See* Pa.R.A.P. 1925(b). The PCRA court entered an opinion on June 9, 2014. *See* Pa.R.A.P. 1925(a).

[5] In the summary of the argument and argument sections of his brief, Appellant discusses this issue only in the context of ineffective assistance of plea counsel, arguing: "A manifest injustice occurred due to plea counsel's stewardship of [Appellant's] case, which was not within the range of competency demanded of criminal attorneys. [Appellant] was prejudiced by plea counsel's incompetent representation, which resulted in an unknowing, 
*(Footnote Continued Next Page)*

(Appellant's Brief, at 4).

Appellant's issues on appeal challenge the effectiveness of plea counsel. The Commonwealth argues that Appellant's issues are not ripe for review in this direct appeal because "he has only raised and preserved his claims challenging the voluntariness of his plea in the context of ineffective assistance of counsel." (Commonwealth's Brief, at 10; *see also id.* at 11-15). Upon review, we agree with the Commonwealth.

In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed the general rule of *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that ineffective assistance of counsel claims must await collateral review. *See Holmes*, *supra* at 563. The *Holmes* Court also recognized two limited exceptions to the deferral rule, both falling within the discretion of the trial court. *See id.* at 563-64. First, the Court held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious. *See id.* at 563. Second, the Court held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is good cause shown and the unitary review permitted is preceded by a knowing and express waiver by the defendant of the right to seek review under the PCRA. *See id.* at 564.

*(Footnote Continued)* ─────────

involuntary and unintelligent guilty plea." (Appellant's Brief, at 39; *see also id.* at 15-16, 37-39).

Here, the facts of this case do not fall within the limited exceptions to the general deferral rule carved out by the ***Holmes*** Court. Therefore, Appellant cannot seek review of his ineffectiveness claims on direct appeal. Accordingly, we dismiss Appellant's ineffective assistance of counsel claims without prejudice, should he decide to include these claims in a timely-filed PCRA petition. ***See id.*** at 563-64; ***see also Commonwealth v. Stollar***, 84 A.3d 635, 652 (Pa. 2014), *cert. denied*, 134 S.Ct. 1798 (2014) (dismissing, pursuant to ***Holmes***, appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review).

Judgment of sentence affirmed. Ineffective assistance of counsel claims dismissed without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015